UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
**Bowling Green Division**

| | |
|---|---|
| Stacey Clayton<br>    *Plaintiff*<br><br>v.<br><br>Equifax Information Services, LLC<br>    *Defendant*<br>Serve:<br>    Corporation Service Company<br>    421 West Main Street<br>    Frankfort, KY 40601<br><br>Trans Union, LLC<br>    *Defendant*<br>Serve:<br>    The Prentice Hall Corp. System<br>    421 West Main Street<br>    Frankfort, KY 40601 | Case No. 1:16-cv-194-GNS |

## COMPLAINT and DEMAND FOR JURY TRIAL

### Introduction

    1.    This is a complaint for damages for Defendants Equifax Information Services, LLC's ("Equifax") and Trans Union, LLC's ("Trans Union")'s violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

    2.    Like many of her fellow Americans, Plaintiff Stacey Clayton was hurt by the great economic recession that began in 2008. As a result of the economic crisis, Ms. Clayton fell behind on some of her debts and defaulted on some of these. Several creditors and third-party debt buyers sued Ms. Clayton in state court in an attempt to collect the debts, obtained judgments against her, and recorded judgment liens pursuant to the judgments encumbering her property. Ms. Clayton weathered the financial storm and was later able to pay off the judgments in full. The creditors and debt buyers filed notices of satisfaction of judgment and/or releases of the judgment liens between June 2011 and June 2015.

    3.    Equifax and Trans Union failed to update Ms. Clayton's consumer credit report to reflect that the judgments had been satisfied. As a result, Equifax and Trans Union published inaccurate credit information concerning Ms. Clayton and the judgments. In particular, Equifax and Trans Union incorrectly published that some or all of the judgments were unsatisfied with a

positive balance still due.

4. As a result of the inaccurate credit information published by Equifax and Trans Union, Ms. Clayton was denied credit and had to pay more for credit than she would have had Equifax and Trans Union published accurate information about her and the judgments.

5. Upon information and belief, Equifax and Trans Union have a routine, systematic procedure to carefully gather and report derogatory civil judgments entered against consumers in the consumer reports that they furnish to users of their consumer reports, but do not have such routine, systematic procedures to gather and report information from the same courts for civil judgments when they become satisfied, vacated, or appealed.

6. Equifax and Trans Union's failure to use the same care in updating the derogatory information for civil judgments entered against consumers when such civil judgments have been satisfied, vacated, or appealed that they use in gathering the information for such civil judgments entered against consumers, results in materially false and inaccurate negative credit information concerning satisfied, vacated, or non-final judgments being published concerning Kentucky consumers to users of Equifax and Trans Union's consumer credit reports.

## JURISDICTION AND VENUE

7. Jurisdiction of this court arises under 15 U.S.C. § 1681p. Venue is proper, because many of the relevant events affected and/or damaged a consumer living within Jefferson County, Ky., which is located within this District.

## PARTIES

8. Plaintiff Stacey Clayton is a natural person who resides in Warren County, Ky. Ms. Clayton is a "consumer" within the meaning of the FCRA, as defined at 15 U.S.C. § 1681a(c).

9. Defendant Equifax Information Services, LLC is a foreign limited liability company, with its principal place of business located at 1550 Peachtree Street NW, Atlanta, GA 30309. Equifax has registered to do business with Kentucky Secretary of State. Equifax is a "consumer reporting agency" within the meaning of the FCRA.

10. Defendant Trans Union, LLC is a foreign limited liability company, with its principal place of business located at 555 West Adams, Chicago, IL 60661. Trans Union has registered to do business with Kentucky Secretary of State. Trans Union is a "consumer reporting agency" within the meaning of the FCRA.

## STATEMENT OF FACTS

11. As a result of the great economic recession of 2008, Ms. Clayton suffered economic harm and loss through no fault of her own.

12. Ms. Clayton's financial woes caused her to fall behind and default on some of her debts and obligations. The original creditors eventually charged off Ms. Clayton's accounts as bad debt, and some of the original creditors sold the charged-off accounts to third-party debt buyers Asset Acceptance, LLC ("Asset"); LVNV Funding, LLC ("LVNV"); Midland Funding, LLC ("Midland"); and Portfolio Recovery Associates, LLC ("PRA").

13. Wells Fargo Bank, N.A. ("Wells Fargo") filed suit against Ms. Clayton on November 8, 2010 in the Warren District Court of Warren County, Kentucky under case number 10-C-03756 to collect a debt (the "Wells Fargo Lawsuit"). Wells Fargo obtained a default judgment in the Wells Fargo Lawsuit on January 10, 2011 (the "Wells Fargo Judgment"). Wells Fargo recorded a notice of judgment lien with the Warren County Clerk pursuant to the Wells Fargo Judgment on January 27, 2011 (the "Wells Fargo Lien").

14. Capital One Bank ("Capital One") filed suit against Ms. Clayton on May 17, 2011 in the Warren District Court of Warren County, Kentucky under case number 11-C-01586 to collect a debt (the "Capital One Lawsuit"). The court entered an agreed judgment in the Capital One Lawsuit on July 28, 2011 (the "Capital One Judgment").

15. Asset Acceptance, LLC ("Asset") filed suit against Ms. Clayton on October 19, 2012 in the Warren District Court of Warren County, Kentucky under case number 12-C-03263 to collect a debt (the "Asset Lawsuit"). The court entered an agreed judgment in the Asset Lawsuit on December 7, 2012 (the "Asset Judgment"). Asset recorded a notice of judgment lien with the Warren County Clerk pursuant to the Asset Judgment on December 21, 2012 (the "Asset Lien").

16. LVNV Funding, LLC ("LVNV") filed suit against Ms. Clayton on May 30, 2014 in the Warren District Court of Warren County, Kentucky under case number 14-C-01473 to collect a debt (the "LVNV Lawsuit"). The court entered an agreed judgment in the LVNV Lawsuit on July 30, 2014 (the "LVNV Judgment").

17. Midland Funding, LLC ("Midland") filed suit against Ms. Clayton on November 9, 2011 in the Warren District Court of Warren County, Kentucky under case number 11-C-03476 to collect a debt (the "First Midland Lawsuit"). The court entered an agreed judgment in the First Midland Lawsuit on April 16, 2012 (the "First Midland Judgment"). Midland recorded a notice of judgment lien with the Warren County Clerk pursuant to the First Midland Judgment on May 29, 2012 (the "First Midland Lien").

18. Midland Funding, LLC ("Midland") filed a second suit against Ms. Clayton on May 18, 2012 in the Warren District Court of Warren County, Kentucky under case number 12-C-01602 to collect a debt (the "Second Midland Lawsuit"). The court entered an agreed judgment in the Second Midland Lawsuit on September 6, 2012 (the "Second Midland

Judgment"). Midland recorded a notice of judgment lien with the Warren County Clerk pursuant to the Second Midland Judgment on November 20, 2012 (the "Second Midland Lien").

19. Midland Funding, LLC ("Midland") filed a third suit against Ms. Clayton on September 19, 2013 in the Warren District Court of Warren County, Kentucky under case number 13-C-02528 to collect a debt (the "Third Midland Lawsuit"). The court entered an agreed judgment in the Third Midland Lawsuit on October 30, 2013 (the "Third Midland Judgment"). Midland recorded a notice of judgment lien with the Warren County Clerk pursuant to the Third Midland Judgment on December 20, 2013 (the "Third Midland Lien").

20. Midland Funding, LLC ("Midland") filed a fourth suit against Ms. Clayton on January 17, 2014 in the Warren District Court of Warren County, Kentucky under case number 14-C-00156 to collect a debt (the "Fourth Midland Lawsuit"). The court entered an agreed judgment in the Fourth Midland Lawsuit on February 24, 2014 (the "Fourth Midland Judgment"). Midland recorded a notice of judgment lien with the Warren County Clerk pursuant to the Fourth Midland Judgment on April 7, 2014 (the "Fourth Midland Lien").

21. Midland Funding, LLC ("Midland") filed a fifth suit against Ms. Clayton on May 18, 2012 in the Warren District Court of Warren County, Kentucky under case number 14-C-00157 to collect a debt (the "Fifth Midland Lawsuit"). The court entered an agreed judgment in the Fifth Midland Lawsuit on February 21, 2014 (the "Fifth Midland Judgment"). Midland recorded a notice of judgment lien with the Warren County Clerk pursuant to the Fifth Midland Judgment on April 1, 2014 (the "Fifth Midland Lien").[1]

22. Portfolio Recovery Associates, LLC ("PRA") filed suit against Ms. Clayton on July 2, 2012 in the Warren District Court of Warren County, Kentucky under case number 12-C-02055 to collect a debt (the "First PRA Lawsuit"). PRA obtained a default judgment in the First PRA Lawsuit on August 13, 2012 (the "First PRA Judgment").

23. Portfolio Recovery Associates, LLC ("PRA") filed a second suit against Ms. Clayton on February 7, 2013 in the Warren District Court of Warren County, Kentucky under case number 13-C-00433 to collect a debt (the "Second PRA Lawsuit"). The court entered an agreed judgment in the Second PRA Lawsuit on April 1, 2013 (the "Second PRA Judgment"). PRA recorded a notice of judgment lien with the Warren County Clerk pursuant to the Second PRA Judgment on May 28, 2013 (the "PRA Lien").

24. Between June 2011 and March 2015, Ms. Clayton paid all of the aforementioned judgments.

25. Wells Fargo filed a notice of satisfaction of the Wells Fargo Judgment in the Wells Fargo Lawsuit on June 27, 2011 (the "Wells Fargo Satisfaction"). Wells Fargo recorded a release of the Wells Fargo Lien with the Warren County Clerk on July 13, 2011 (the "Wells Fargo Release").

---

[1] Midland recorded the Fifth Midland Lien bearing an incorrect case number for the Fifth Midland Suit (14-C-00267). The case number belongs to a case unrelated to Ms. Clayton.

-4-

26. Capital One filed a notice of satisfaction of the Capital One Judgment in the Capital One Lawsuit on February 27, 2012 (the "Capital One Satisfaction").

27. Asset filed a notice of satisfaction of the Asset Judgment in the Asset Lawsuit on April 26, 2013 (the "Asset Satisfaction"). Asset recorded a release of the Asset Lien with the Warren County Clerk on June 12, 2015 (the "Asset Release").

28. LVNV filed a notice of satisfaction of the LVNV Judgment in the LVNV Lawsuit on March 23, 2015 (the "LVNV Satisfaction").

29. Midland filed a notice of satisfaction of the First Midland Judgment in the First Midland Lawsuit on June 26, 2013 (the "First Midland Satisfaction"). Midland recorded a release of the First Midland Lien with the Warren County Clerk on June 22, 2015 (the "First Midland Release").

30. Midland recorded a release of the Second Midland Lien with the Warren County Clerk on February 24, 2015 (the "Second Midland Release"). Despite having paid the Second Midland Judgment, Midland failed to file a notice of satisfaction in the Second Midland Lawsuit.

31. Midland filed a notice of satisfaction of the Third Midland Judgment in the Third Midland Lawsuit on March 2, 2015 (the "Third Midland Satisfaction"). Midland recorded a release of the Third Midland Lien with the Warren County Clerk on February 24, 2015 (the "Third Midland Release").

32. Midland filed a notice of satisfaction of the Fourth Midland Judgment in the Fourth Midland Lawsuit on March 3, 2015 (the "Fourth Midland Satisfaction"). Midland recorded a release of the Fourth Midland Lien with the Warren County Clerk on February 24, 2015 (the "Fourth Midland Release").

33. Midland recorded a release of the Fifth Midland Lien with the Warren County Clerk on February 26, 2015 (the "Fifth Midland Release").[2]

34. PRA filed a notice of satisfaction of the First PRA Judgment in the First PRA Lawsuit on July 10, 2013 (the "First PRA Satisfaction").

35. PRA filed a notice of satisfaction of the Second PRA Judgment in the Second PRA Lawsuit on March 3, 2015 (the "Second PRA Satisfaction"). PRA recorded a release of the PRA Lien with the Warren County Clerk on February 24, 2015 (the "PRA Release").

36. In what follows, "Clayton Judgments" refers collectively to the Wells Fargo Judgment, the Capital One Judgment, the Asset Judgment, the LVNV Judgment, the First

---

[2] Like the Fifth Midland Lien, the Fifth Midland Release was recorded with an incorrect case number. Midland filed a notice of satisfaction of the Fifth Midland Judgment on November 21, 2016, almost two years after Ms. Clayton paid off the judgment.

Midland Judgment, the Second Midland Judgment, the Third Midland Judgment, the Fourth Midland Judgment, the Fifth Midland Judgment, the First PRA Judgment, and the Second PRA Judgment.

37. In what follows, "Notices of Satisfaction" refers collectively to the Wells Fargo Satisfaction, the Capital One Satisfaction, the Asset Satisfaction, the LVNV Satisfaction, the First Midland Satisfaction, the Third Midland Satisfaction, the Fourth Midland Satisfaction, The First PRA Satisfaction, and the Second PRA Satisfaction.

38. In what follows, "Judgment Lien Releases" refers collectively to the Wells Fargo Release, the Asset Release, the First Midland Release, the Second Midland Release, the Third Midland Release, the Fourth Midland Release, the Fifth Midland Release, and the PRA Release.

39. On June 20, 2016, Ms. Clayton obtained copies of her consumer credit reports from Defendants Equifax and Trans Union.

40. Ms. Clayton's Equifax credit report incorrectly stated that all eleven of the Clayton Judgments remained unpaid and unsatisfied.

41. Ms. Clayton's Trans Union credit report incorrectly stated that the Second Midland Judgment and the Fifth Midland Judgment remained unpaid and unsatisfied.

42. The filed Notices of Satisfaction and Judgment Lien Releases are public records that are freely and readily available to all.

43. Ms. Clayton was denied credit and financing, or received credit on less favorable terms, because of inaccurate credit information published by Equifax and Trans Union in connection with the Clayton Judgments. In particular, Equifax and Trans Union each falsely and incorrectly published to one or more of each of their subscribers and users of its consumer reports that some or all of the Clayton Judgments were not satisfied and that a positive balance was still owed on some or all of the Clayton Judgments.

44. Equifax and Trans Union's reporting of the Clayton Judgments as unsatisfied was inaccurate in violation of the FCRA, 15 U.S.C. § 1681e(b). Equifax and Trans Union each failed to follow reasonable procedures to assure maximum possible accuracy in the preparation of Ms. Clayton's credit reports and credit files each publishes and maintains concerning Ms. Clayton. If Equifax and Trans Union had reasonable procedures in place, Equifax and Trans Union each would have discovered that the creditors in the Clayton Judgments had filed the Notices of Satisfaction and/or the Judgment Lien Releases *before* publishing Ms. Clayton's credit report to each's subscribers and users of each's consumer reports in connection with Ms. Clayton's loan and credit applications.

45. Equifax and Trans Union each failed to maintain reasonable procedures designed to avoid violations of the FCRA in connection with publishing credit information concerning Ms. Clayton and the satisfied Clayton Judgments.

# CLAIMS

## I. Claims against Equifax Information Services, LLC

46. Plaintiff Stacey Clayton restates each of the allegations in the preceding paragraphs as if fully set forth herein.

47. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of consumer reports it published to its subscribers and users of its consumer reports concerning Ms. Clayton and the Clayton Judgments.

48. Equifax's conduct, actions and inactions were willful, rendering Equifax liable under 15 U.S.C. § 1681n for actual, statutory, and punitive damages, along with attorney's fees and costs. Equifax was on clear notice that the failure to update public records with respect to judgments was problematic for Equifax. Other lawsuits raising the same issue has been filed against Equifax in this and other jurisdictions for the same failure.

49. In the alternative, Equifax's conduct, actions and inactions were negligent rendering Equifax liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

## II. Claims against Trans Union, LLC

50. Plaintiff Stacey Clayton restates each of the allegations in the preceding paragraphs as if fully set forth herein.

51. Trans Union, LLC violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of consumer reports it published to its subscribers and users of its consumer reports concerning Ms. Clayton and the Clayton Judgments.

52. Trans Union's conduct, actions and inactions were willful, rendering Trans Union liable under 15 U.S.C. § 1681n for actual, statutory, and punitive damages, along with attorney's fees and costs. Trans Union was on clear notice that the failure to update public records with respect to judgments was problematic for Trans Union. Other lawsuits raising the same issue has been filed against Trans Union in this and other jurisdictions for the same failure.

53. In the alternative, Trans Union's conduct, actions and inactions were negligent rendering Trans Union liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Stacey Clayton requests that the Court grant her the following relief:

1. Award the maximum amount of statutory damages against each Defendant under 15 U.S.C. §1681n;

2. Award Plaintiff Attorney's fees, litigation expenses and costs;

3. Award Plaintiff actual damages against each Defendant under 15 U.S.C. §1692n or, in the alternative, under 15 U.S.C. § 1681o;

4 Award Plaintiff punitive damages against each Defendant under 15 U.S.C. § 1681n;

5. A trial by jury; and

6. Any other relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:   (502) 473-6525
Fax:   (502) 473-6561
james@kyconsumerlaw.com

James R. McKenzie
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:   (502) 371-2179
Fax:   (502) 257-7309
jmckenzie@jmckenzielaw.com